IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 30, 2008

## STATE OF TENNESSEE v. CHRISTOPHER COOPER

**Appeal from the Circuit Court for Blount County**
**No. 14924     John Kerry Blackwood, Judge**

_____

**No. E2007-01071-CCA-R3-CD - Filed March 28, 2008**

_____

The defendant, Christopher Cooper, pleaded guilty to a charge of theft of property worth $10,000 or more but less than $60,000 and was sentenced in the Blount County Circuit Court to a sentence of four years, with 30 days to be served incarcerated on consecutive weekends and the balance to be served through supervised probation.  On April 16, 2007, the court revoked the probation and ordered the defendant to serve six months in confinement and extended his subsequent probation period by one year.  From that order, the defendant appeals and claims a lack of evidence to support revocation.  Upon review, we affirm the judgment below.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined.  D. KELLY THOMAS, JR., J., not participating.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at trial), for the appellant, Christopher Cooper.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pleaded guilty to a charge of theft of property worth $10,000 or more but less than $60,000, *see* T.C.A. § 39-14-103, on August 2, 2004.  Pursuant to a plea agreement with the State, the defendant received a sentence of four years, with 30 days to be served in confinement on consecutive weekends and the balance to be served through supervised probation.

On February 14, 2005, the State filed a probation violation warrant alleging that the defendant violated the terms of probation by being arrested on February 6, 2007, for domestic

assault; failing to report the new arrest; incurring a fee arrearage of $165.00; and engaging in assaultive, abusive, threatening, or intimidating behavior that poses a threat to others and himself.

The trial court held a probation revocation hearing on April 16, 2007. Terry Fowlkes, the defendant's probation officer, testified that the defendant's February 6, 2007 arrest for domestic assault violated the terms of his probation. She learned about the arrest from the Maryville Times newspaper, and the defendant did not report the arrest until his next reporting date on February 16, 2007. Ms. Fowlkes had already filed the violation report when the defendant notified her. She testified that the defendant pleaded guilty to the new offense. Ms. Fowlkes said that after the probation violation was filed, the fee arrearage was paid by the defendant's girlfriend.

The defendant testified that he was 24 years of age and had children aged four, two, and one. The older two children lived with their mother, and he paid child support through a private arrangement. The youngest child lived with him and his girlfriend in Maryville, Tennessee, where he worked for Wilson Construction. He testified that the domestic assault occurred after drinking "about five" beers. He stated it was the result of an argument with his girlfriend about his always working and never being home. He testified that he broke a clock on the wall, which spurred her to kick him, which caused him to grab her by the back of the neck and "bump[] her head" on the floor. He said he "just lost [his] temper" and admitted to an anger control problem.

The defendant testified that he did not have an attorney when he pleaded guilty to the domestic assault charge and did not realize that pleading guilty in that case might affect his probation in the theft case. He testified that he had a similar incident with violence five years earlier. The defendant stated that if released, he would continue living in Maryville and return to his job at Wilson Construction.

The trial court ruled that the defendant violated his probation. Thus, the court revoked probation, ordered him to serve six months in confinement, and extended his probation period one year.

The defendant filed a timely notice of appeal and challenges the revocation order. The defendant claims that the trial court abused its discretion in revoking probation because insufficient evidence supported its findings.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e) (2006); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. *Id.* (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles

involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

Having considered the defendant's arguments, we are unpersuaded that the trial court abused its discretion. It must be remembered, of course, that the standard of proof in a probation revocation proceeding is that of preponderance of the evidence. T.C.A. § 40-35-311(e). Thus, the level of proof needed to sustain a probation violation allegation is considerably less than the beyond-a-reasonable-doubt standard applicable to conviction proceedings.

In the present case, substantial evidence supports the trial court's conclusion that the defendant violated his probation. In addition to the testimony from Ms. Fowlkes, the defendant himself admitted to committing the assault, not reporting the assault to his probation supervisor, and not paying fees owed to the state. We hold that the trial court did not abuse its discretion by revoking the defendant's probation and ordering him to serve six months in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE